**REVISED**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 96-30319 and 96-30320

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOE CANADA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____

April 7, 1997

Before REAVLEY, KING, and BARKSDALE, Circuit Judges.

PER CURIAM:

Joe Canada appeals his sentence for convictions under 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), and 2423(2)(b).  Finding no error, we affirm.

### I.    BACKGROUND

The convictions that underlie the sentence that is the subject of this appeal relate to Canada's computer solicitation of a person whom Canada thought to be a thirteen-year-old male minor, and Canada's resulting travel across state lines with intent to engage in sexual acts with the minor.  On March 10,

1995, Canada was indicted in the United States District Court for the Eastern District of Louisiana in a three-count indictment. Count one charged Canada's violation of 18 U.S.C. § 2252(a)(2) by his willful and knowing distribution through interstate commerce of a visual depiction of minors engaging in sexually explicit conduct. Canada sent the depiction by computer from his home in Tupelo, Mississippi, to the location of the purported thirteen-year-old male in New Orleans, Louisiana. Count two dealt with Canada's travel from Tupelo to New Orleans for the purpose of engaging in sexual acts with the purported thirteen-year-old male in violation of 18 U.S.C. § 2423(2)(b). Count three invoked governmental authority under 18 U.S.C. § 2253 to gain the forfeiture of the computer equipment used by Canada to commit the offense under count one.

Canada pleaded guilty to counts one and two of the indictment on June 22, 1995. Canada also entered a consent judgment on the same date in regard to the forfeiture count.

Canada was subsequently charged with an additional count in the United States District Court for the Northern District of Mississippi for violation of 18 U.S.C. § 2252(a)(4)(B). This additional count alleged that Canada had knowingly possessed three or more matters containing visual depictions of minors engaged in sexually explicit conduct and that these matters had come into Canada's possession through interstate commerce. The government discovered the matters during a search of the memory of Canada's computer that was located in his residence in Tupelo.

2

After the additional count had been transferred and consolidated with the case in the district court in Louisiana,[1] Canada likewise entered a guilty plea as to this count.

The district court accepted Canada's guilty plea as to all counts and ordered that a Pre-Sentence Report be prepared. Canada filed a motion objecting to the guidelines calculations on February 8, 1996, and subsequently filed supplemental objections to the Pre-Sentence Report on March 5, 1996. The district court held a hearing on March 13, 1996, to address Canada's objections.

On March 21, 1996, the district court sentenced Canada to two seventy-eight-month terms and one sixty-month term of imprisonment for his three criminal convictions. All terms were to be served concurrently. In addition, the court sentenced Canada to a three-year period of supervised release upon his release from imprisonment. The court also imposed a $7500 fine on Canada, as well as a $150 special assessment that was due immediately.

The district court calculated Canada's sentence under the U.S. SENTENCING GUIDELINES MANUAL § 2G2.2. U.S.S.G. § 2G2.2 sets the base offense level at fifteen for acts that constitute "Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic." The district court enhanced Canada's sentence from

---

[1]Canada consented to the transfer.

this base offense level by applying the enhancement provisions in U.S.S.G. § 2G2.2(b).[2] The court added two levels to Canada's base offense level under § 2G2.2(b)(1) because the material related to count one and the additional count involved minors under the age of twelve years. The court also imposed a five-level enhancement under § 2G2.2(b)(2) because Canada had distributed the materials related to the same counts as a means of enticing a minor to have sex with him. The court added four levels under § 2G2.2(b)(3) because it found that Canada intended to traffic in materials depicting minors involved in sadistic conduct. Canada objected to the five- and four-level increases.

Canada filed this appeal to challenge the five- and four-level increases to his base offense level.[3]

## II.    STANDARD OF REVIEW

In examining sentences imposed under the federal sentencing guidelines, "we review the trial court's findings of fact for

---

[2]The court also gave, under the authority granted in 18 U.S.C. §3553(b), an additional four-level enhancement that was outside the sentencing guidelines range. The court possessed the authority to order such enhancement if it found "that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission." *See* 18 U.S.C. § 3553(b). The district court noted that Canada's history of sexual abuse, the use of a computer as an instrumentality in the commission of the offenses, and the evidence of Canada's active participation in the receipt or trading of child pornography warranted the four-level increase because such factors were not accounted for in the sentencing guidelines. The district court thereafter reduced Canada's base offense level by three levels, however, because Canada had accepted responsibility for the violations.

[3]Canada formerly filed a motion with this court requesting the court to consolidate his appeals as to both cases below. This court granted his unopposed motion.

clear error and review purely legal conclusions or interpretations of the meaning of a guideline *de novo*." *See United States v. Kimbrough*, 69 F.3d 723, 733 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1547 (1996). The government generally must prove factors for enhancement of sentencing by a preponderance of the evidence. *See United States v. Watts*, 117 S. Ct. 633, 637 (1997); *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir.), *cert. denied*, 117 S. Ct. 77, *and cert. denied*, 117 S. Ct. 506 (1996).

### III.    DISCUSSION

### A. <u>Five-Level Enhancement for Distribution</u>

U.S.S.G. § 2G2.2(b)(2) provides for an enhancement of sentencing "[i]f the offense involved distribution." Canada argues that the distribution contemplated by § 2G2.2(b)(2) requires a purpose to exact a pecuniary gain. Moreover, Canada contends that the failure to require an additional element of pecuniary gain for distribution under § 2G2.2(b)(2) makes the original base offense level superfluous since any "trafficking" would then be tantamount to distribution and the five-level increase would therefore be automatic. Canada asserts that the necessary additional element for § 2G2.2(b)(2) "distribution" must be pecuniary gain because Application Note 1 under the commentary to the guideline states, "'[d]istribution,' as used in this guideline, includes any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute."

5

Canada correctly notes that the commentary in the Guidelines Manual is generally binding on the courts. *See Stinson v. United States*, 508 U.S. 36, 38 (1993) (holding that the "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). Nevertheless, the wording of Application Note 1 under the commentary for § 2G2.2 supports a broader interpretation than that proffered by Canada. The clause in Application Note 1 in which pecuniary gain is mentioned is predicated by the verb *includes*. The plain meaning of this wording unambiguously indicates that the intended definition of 'distribution' for the sake of the guideline is meant to be inclusive of pecuniary gain purposes, but not exclusive of all other purposes. This interpretation receives explicit support in the part of the Guidelines Manual noting "General Application Principles." Application Note 2 in the commentary to § 1B1.1 ("Application Instructions") states that "[t]he term 'includes' is not exhaustive."

The fact that Application Note 1 is inclusive, and not exclusive, is determinative in the current context. The district court determined that Canada's distribution was accompanied by an additional element, albeit not one of pecuniary gain.[4] The

---

[4]Because the district court found this additional element present, we do not address the issue of whether such additional element must be present in order for the court to enhance sentencing under § 2G2.2(b)(2).

sentencing court found that Canada had distributed the material at issue for the purpose of enticing the thirteen-year-old minor to have sex with him. Canada does not challenge this factual finding of the sentencing court.

We hold that Canada's distribution of materials involving the sexual exploitation of minors with a purpose of enticing another person to have sex with him is sufficient to trigger the enhancement characteristic in § 2G2.2(b)(2). While § 2G2.2(b)(2) calls upon the sentencing court to impose enhancement based on the retail value of the material distributed, in cases such as this where the material was distributed for a purpose which is difficult to evaluate monetarily, the sentencing court is within its province to impose the threshold five-level enhancement. *See* U.S.S.G. § 2G2.2(b)(2) (setting the enhancement level for distribution "in no event by less than 5 levels"); *see also United States v. Ismoila*, 100 F.3d 380, 396 (5th Cir. 1996) (noting that loss determinations under U.S.S.G. § 2F1.1 "need not be determined with precision" and "are reviewed for clear error").

**B. Four-Level Increase for Material Portraying Sadistic Conduct**

U.S.S.G. § 2G2.2(b)(3) provides for a four-level increase in the base offense level for trafficking in materials involving the sexual exploitation of a minor "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." Canada contends that the four-level enhancement imposed by the court under U.S.S.G. § 2G2.2(b)(3) was

7

not warranted by the evidence.  Canada argues in particular that the sadistic photographs extracted from his computer's hard drive were insufficient to indicate his "trafficking" in materials involving the sexual exploitation of a minor.

Additionally, Canada argues that his mere receipt of the photos should be insufficient to establish the applicability of guideline 2G2.2 because guideline 2G2.4 ("Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct") would thus become superfluous.  Canada makes this argument by equating possession of child pornography with the receipt of such material for the purposes of the sentencing guidelines since, as he claims, such material would had to have been previously received in order to be currently in a person's possession.

Canada's equivalence of the receipt of child pornography with its possession for the purposes of sentencing under §§ 2G2.2 and 2G2.4 is unconvincing.  *See, e.g., United States v. Romualdi*, 101 F.3d 971, 975 (3d Cir. 1996) (remarking that "[b]oth the relevant statute and the Sentencing Guidelines make a distinction between receipt and possession of child pornography").  As Canada himself admits, possession of such materials may be obtained through other means, *e.g.,* by manufacturing it.  To hold that receiving child pornography should only be covered by § 2G2.4 would abrogate the specific coverage of § 2G2.2--"*Receiving*, Transporting, Shipping, *or* Advertising Material Involving the Sexual Exploitation of a Minor" (emphasis added).  We decline to reach such a result. *See Reiter v. Sonotone Corp.*, 442 U.S. 330,

8

339 (1979) (observing with regard to statutory construction that courts "are obliged to give effect, if possible," to statutory wording and noting that terms connected by the disjunctive be given separate meanings); *see also United States v. Rocha*, 916 F.2d 219, 243 (5th Cir. 1990) (noting that the sentencing guidelines are subject to the rules of statutory construction). Moreover, the provisions under § 2G2.4 expressly instruct the court to look to § 2G2.2 in situations like Canada's:

> If the offense involved trafficking in material involving the sexual exploitation of a minor (including *receiving*, transporting, shipping, advertising, or possessing material involving the sexual exploitation of a minor with intent to traffic), apply § 2G2.2.

*See* U.S.S.G. § 2G2.4(c)(2) (emphasis added).

The district court's determination that Canada received sadistic photos with an intent to traffic in them was not clearly erroneous. *See Kimbrough*, 69 F.3d at 734. A government witness testified during the sentencing hearing that sadistic photos, showing anal and vaginal penetration of minors through the use of sexual devices,[5] were located on the hard drive of Canada's computer. The government also adduced evidence at the hearing that detailed Canada's active trading in child pornography.[6] The government's evidence, *in toto*, provides proof by a preponderance of the evidence that Canada had received material portraying

---

[5]Canada does not challenge the court's characterization of this material as sadistic.

[6]The government concedes that the child pornographic photo that was sent to the purported thirteen-year-old male in New Orleans did not portray sadistic conduct.

sadistic conduct and that he intended to traffic in such material.  This is sufficient for the district court's imposed four-level enhancement under § 2G2.2(b)(3).

## IV.    CONCLUSION

For the foregoing reasons, Canada's sentence is AFFIRMED.