# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

—————

No. 99-3091

—————

United States of America,                  *
                                         *
                                         *

Appellant,      *

                                         *

vs.               *  Appeal from the United
                                       *  States District Court

David Imgrund,      *  for the Northern District
                                       *  of Iowa.
                                       *

Appellee.      *
                                       *

—————

Submitted: March 14, 2000
Filed: April 5, 2000

—————

Before McMILLIAN and HEANEY, Circuit Judges, and BOGUE,[1] District Judge.

—————

BOGUE, District Judge.

_____

[1]The Hon. Andrew W. Bogue, United States Senior District Judge for the District of South Dakota, sitting by designation.

The United States appeals from the sentence imposed by the district court[2] upon Defendant David Imgrund. The district court imposed a sentence of 36 months imprisonment followed by three years supervised released for two counts of knowingly transporting child pornography in interstate commerce. 18 U.S.C. § 2252A(a)(1). The government argues that the court erred in holding that a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) was inapplicable, citing United States v. Horn, 187 F.3d 781 (8th Cir. 1999), cert. denied, — S.Ct. —, 2000 WL 217913 (1999) , a case decided shortly after the Defendant's sentence was issued. For the reasons set forth below, we remand for reconsideration in light of Horn.

## I. BACKGROUND

In December of 1997, a New Hampshire undercover agent using the screen name "AAdam14" posed as a fourteen-year-old boy on an internet relay chat channel called "gayteensex." Defendant Imgrund, identifying himself as "Moogster," sent the agent two unsolicited computer image files and requested a private chat. The files contained child pornography. During the private chat which followed, Imgrund sent the agent six more images of child pornography. The agent, who sometimes used alternative names such as "Billy14," "Nate14"and "Rory14," later engaged Imgrund in additional computer chats including one on February 6, 1998. On that date, Imgrund sent three more image files containing child pornography. During a chat with the agent the following day, Imgrund proposed that his correspondent send him sexually explicit photographs of minors. The agent prepared a package containing six photographs of nude boys and mailed them to Imgrund.

On March 11, 1998, a controlled postal delivery was made. After the package was delivered, a search warrant was obtained for Imgrund's Cedar Rapids, Iowa

---

[2]The Hon. Michael J. Melloy, Chief United States District Judge for the Northern District of Iowa.

residence. Imgrund's apartment was searched and the Postal Inspection Service recovered two of the six photographs, the other four having been flushed down the toilet.

Imgrund entered into a plea agreement in which he agreed to waive indictment and plead guilty to two counts of knowingly transporting child pornography in interstate commerce by means of a computer. 18 U.S.C. § 2252A(a)(1). The government's information charged that Imgrund had transmitted computer files of child pornography to the undercover agent on December 6, 1997 and on February 6, 1998. When the draft presentence report was prepared, it contained a recommendation that Imgrund be assessed a five-level upward adjustment on the grounds that each count involved "distribution" of child pornography based on Imgrund's proposal that the agent mail images to Imgrund's home address. U.S.S.G. § 2G2.2(b)(2). Imgrund made timely objections.

At the district court's combined plea and sentencing hearing, Imgrund argued that the five-level enhancement did not apply because he had not engaged in "distribution." The court made a factual finding that Imgrund had received nothing of value in return for the pornography he had transmitted, and had not engaged in barter or exchange. Therefore, the court concluded, because Imgrund's disseminations of pornography were "gratuitous," the five-level adjustment did not apply. The court explained its reasoning:

> I find that in this case Mr. Imgrund gratuitously sent these photos of child pornography to the individual who we now know was an undercover agent, and that, therefore, there was no actual barter, there was no actual exchange of value, and that Mr. Imgrund received nothing in return for these images. . . . So while I may be out on a limb on this, I just think that reading the guidelines in their totality and with the factual predicate, that I just don't see any barter or exchange in this case that would bring this within any type of definition of pecuniary gain. . . . [If] you do it for some

3

type of pecuniary gain, which I don't think occurred in this case and find as a factual matter you did not, then you're at another five levels, but I think it takes something more than just sending these out gratuitously over the Internet to someone else in the chat room. I think you need to get some type of pecuniary gain.

The district court therefore sustained Imgrund's objection to any sentence enhancement for "distribution." U.S.S.G. § 2G2.2(b)(2). Next, the district court concluded that the total offense level for the two offenses, after a downward adjustment for acceptance of responsibility, was 20. The court sentenced Imgrund to a term of 36 months, a term in the middle of the applicable guideline range of 33 to 41 months, followed by three years of supervised release and a $200 special assessment. From this sentence, the government appeals.

## II. DISCUSSION

With regard to sentencing for the offense of transporting child pornography, U.S.S.G. § 2G2.2(b)(2) provides that "[i]f the offense involved distribution, increase by . . . [no] less than 5 levels." As application note 1 explains, "'Distribution' includes any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." In Horn, a case decided nine days after Imgrund was sentenced, this Court held that distribution "is not limited to, transactions for pecuniary gain." Horn, 187 F.3d at 791 (citations omitted). The defendant in that case had expressed his interest in trading pornographic video tapes with an undercover detective and later reminded the detective "that he was still waiting for tapes in exchange for the two that he had sent." Id. at 785. Thus, because the defendant in Horn "was found to have engaged in trade or barter," we affirmed the trial court's decision to impose the five-level enhancement for distribution pursuant to § 2G2.2(b)(2). Id. at 791; cf. United States v. Canada, 110 F.3d 260, 263 (5th Cir. 1997) (per curiam), cert. denied, 522 U.S. 875, 118 S.Ct. 195, 139 L.Ed.2d 133 (1997)

4

(holding that a § 2G2.2(b)(2) enhancement is proper if pornography was disseminated with the purpose of enticing the recipient to have sex with the offender).

Imgrund argues that the <u>Horn</u> decision is consistent with the district court's refusal to enhance his sentence. In the present case, the court specifically found that Imgrund sent pornographic images gratuitously and that no barter or exchange had taken place. The government does not challenge the factual conclusions of the district court. Because a finding of no barter or exchange is consistent under <u>Horn</u> with the court's decision not to apply § 2G2.2(b)(2), Imgrund concludes, his sentence should be upheld.

The government points to the legally incorrect (after <u>Horn</u>) statement by the court during sentencing that "you need to get some type of pecuniary gain" before the enhancement is appropriate. <u>Horn</u> clearly held that "distribution" is not limited to cases in which a defendant obtained a pecuniary gain by disseminating child pornography. <u>Horn</u>, 187 F.3d at 791. Purely gratuitous dissemination, however, will not trigger the § 2G2.2(b) enhancement for distribution. According to the presentence report, Imgrund sent the agent three files containing child pornography on February 6 and during the February 7 chat "proposed that [the agent] take photographs of himself and a 12-year-old friend and send them to [Imgrund]." The agent responded by sending Imgrund pornographic images, but it is unclear if the district court was satisfied that Imgrund contemplated a swap or trade of images.

The government urges us to remand for reconsideration. We agree.[3] Because of the ambiguity in the district court's decision triggered by Horn, it is appropriate to remand in order to allow the court to reconsider its ruling and make additional findings if necessary. On remand, the court is instructed to review whether Imgrund's conduct constituted "distribution" as that term was refined in Horn. The court should apply the § 2G2.2(b) enhancement only if the court is persuaded that the government has met its burden of demonstrating Imgrund's expectation of receiving pornographic images in exchange for the images he sent the agent. If, on the other hand, the court finds that Imgrund's dissemination of the images was achieved without Imgrund's understanding that a trade, barter or exchange of images was to be accomplished between himself and the agent, then the court should conclude that the five-level sentencing enhancement is inappropriate for the facts of this case.

---

[3]The government argues that the district court's error is manifest in its reliance on the Seventh Circuit's analysis, and rejection of the Second and Fifth Circuit's view on just what constitutes § 2G2.2(b)(2) "distribution." Horn cited the Second and Fifth Circuit cases which were rejected by the district court. United States v. Lorge, 166 F.3d 516, 518-19 (2nd Cir. 1999), cert. denied, — U.S. —, 119 S.Ct. 1372, 143 L.Ed.2d 531 (1999); Canada, 110 F.3d at 263-64. The Second Circuit's decision rejected the Seventh's (which was the decision which was relied upon by the district court). See Lorge, 166 F.3d at 519 (declining to follow United States v. Black, 116 F.3d 198 (7th Cir. 1997), cert. denied, 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 264 (1997)). Therein lies clear error by the district court, claims the government. But while it is true that the Seventh Circuit's statement that § 2G2.2(b) "implies a transaction for pecuniary gain" cannot be reconciled with our decision in Horn, the Seventh Circuit went on to define "pecuniary gain" rather liberally, stating that "pecuniary gain is a broad concept itself, and it does not exclude the possibility of swaps, barter, in-kind transactions, or other valuable consideration." Black, 116 F.3d at 202-03. Moreover, Horn did not explicitly reject Black. We note these subtleties only to stress that whether the district court erred, even post-Horn, is not as cut and dry as the government contends, and to underscore the necessity of allowing the district court to reexamine the facts of this case in light of the new law of this Circuit.

## III. CONCLUSION

For the foregoing reasons, we vacate the Defendant's sentence and remand for reconsideration in light of our decision in <u>United States v. Horn</u>.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.