UNITED STATES of America, Plaintiff-Appellee,

v.

Eric Scott PROBEL, Defendant-Appellant.

No. 99-4123.

United States Court of Appeals,

Eleventh Circuit.

June 13, 2000.

Appeal from the United States District Court for the Southern District of Florida.(No. 98-08113-CR-WDF), Wilkie D. Ferguson, Jr., Judge.

Before COX, Circuit Judge, and HILL and MESKILL[*], Senior Circuit Judges.

MESKILL, Senior Circuit Judge:

Defendant-appellant Eric Scott Probel pled guilty to one count of transporting or shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1). At sentencing, he objected to the application of a five-level sentence enhancement for "distribution" of child pornography pursuant to U.S.S.G. § 2G2.2(b)(2). The United States District Court for the Southern District of Florida, Ferguson, *J.,* overruled the objection, finding that the plain language of the guideline did not, as Probel argued, require that the defendant receive pecuniary or other gain. On appeal, Probel renews his contention that application of the enhancement must be predicated on a finding that he received some pecuniary or other benefit. For the reasons that follow, we disagree. Probel, who does not contest that he "distributed" child pornography in the ordinary sense of the term, was appropriately sentenced.

BACKGROUND

On June 15, 1998, a law enforcement officer using the name "suzyQ17" was patrolling an Internet chat room entitled "#0!!!!!!!!13yearoldgirlsex." "suzyQ17" entered into a private discussion with Probel, who was using the screen name "sophieLorge sought a pecuniary gain," because "a motive of pecuniary gain need

[*]Honorable Thomas J. Meskill, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

not be shown." *Lorge,* 166 F.3d at 518. The court applied the ordinary meaning of "distribution" "without regard to the actor's motive" and expressly declined to follow contrary authority. *Id.* at 518-19. It refused to look beyond the plain meaning of the guideline, because if a requirement of pecuniary gain was intended, "Section 2G2.2(b)(2) need only have provided for enhancement if the crime involved 'distribution for pecuniary gain.' " *Id.* at 519. We are likewise persuaded that it is unnecessary to look beyond the plain meaning of the guideline. If the Sentencing Commission had intended pecuniary gain to be required, it could easily have substituted "means" for "includes" in Application Note 1 to limit the term "distribution." *See United States v. Horn,* 187 F.3d 781, 791 (8th Cir.1999) ("If Congress had intended § 2G2.2(b)(2) to apply only to distribution for pecuniary gain, it could easily have said so directly.").

In addition to *Lorge,* the Fifth, Sixth, Eighth and Eleventh Circuits, in *dicta,* have stated that pecuniary gain is not required for the enhancement to apply. In each of those cases the district courts found that the defendant had received some benefit. From this fact, Probel argues, contrary to the stated *dicta,* that such a finding is a prerequisite to the five-level enhancement. However, these decisions were not compelled by the finding of a benefit to the defendant. Instead, each case was based on the plain meaning of the guideline. Simply because there was an additional element present in the case does not mean that that element was required.

In the leading case, *United States v. Canada,* 110 F.3d 260 (5th Cir.1997), the Fifth Circuit held that "[t]he plain meaning of [Application Note 1] unambiguously indicates that the intended definition of 'distribution' for the sake of the guideline is meant to be inclusive of pecuniary gain purposes, but not exclusive of all other purposes." *Id.* at 263. Because the district court had found that the defendant had "distributed the material for the purpose of enticing the thirteen-year-old minor to have sex with him," the court did not need to decide whether the enhancement would be appropriate in the absence of some form of benefit. *Id.* at 263 n. 4.

Similarly, in *United States v. Hibbler,* 159 F.3d 233 (6th Cir.1998), *cert. denied,* 526 U.S. 1030, 119 S.Ct. 1278, 143 L.Ed.2d 372 (1999), the Sixth Circuit held that "the enhancement ... is not limited to instances involving distribution for pecuniary gain." *Id.* at 237-38. The court followed *Canada* 's reasoning that the plain language of the guideline dictated its result. *Id.* at 237 (quoting *Canada,* 110 F.3d at 263). *Hibbler,* like *Canada,* involved evidence that the defendant had received a benefit for his distribution of the child pornography. This court, in *Garrett,* also agreed with the approach taken in *Canada* that the enhancement "is not limited to transactions for pecuniary gain." *Garrett,* 190 F.3d at 1223 (discussing *Canada* ). It was unnecessary to decide whether the enhancement would have been appropriate in the absence of any benefit because the defendant had distributed child pornography "in order to receive what he considered to be another 'valuable gain,' " namely, for the purpose of enticing another to have sexual relations with him. *Id.* Finally, in *Horn,* the Eighth Circuit gave "the word 'distribution' ... its usual meaning in ordinary language," finding that " 'distribution' includes, but is not limited to, transactions for pecuniary gain." *Horn,* 187 F.3d at 791 (citing *Lorge, Hibbler* and *Canada* ). In *Horn,* the defendant had been found to have engaged in trade or barter and the enhancement was affirmed.

We agree with the reasoning of these decisions and the holding of *Lorge* that the plain language of the guideline does not limit "distribution" to instances of pecuniary or other gain. Nevertheless, Probel asks us to look beyond the plain language of the guideline to find that the enhancement requires pecuniary or other gain. He presents two arguments. First, he argues that the reference to the fraud table in U.S.S.G. § 2F1.1 demonstrates that the Sentencing Commission intended the enhancement to be limited to situations involving pecuniary gain. A contrary finding, according to Probel, would mean that an individual who gratuitously gave his neighbor a single, valueless item of child pornography would be punished the same (a five-level increase) as a commercial distributor responsible for $69,999 of child pornography. He finds this result to be untenable. Second, he argues that "distribution" is already taken into account in determining the base

offense level. Thus, it would be inappropriate to further enhance his sentence where the enhancement follows automatically from the offense.

Probel finds support for his position from decisions of the Seventh and the Ninth Circuits. In *United States v. Black,* 116 F.3d 198 (7th Cir.1997), the Seventh Circuit held that pecuniary gain was required before the enhancement could be applied. The court found, "[m]ost importantly, § 2G2.2(b)(2) measures the number of levels of an enhancement by the 'retail value of the material,' which implies a transaction for pecuniary gain." *Id.* at 202. The court noted that "pecuniary gain is a broad concept itself, and it does not exclude the possibility of swaps, barter, in-kind transactions, or other valuable consideration." *Id.* at 202-03.

In *United States v. Laney,* 189 F.3d 954 (9th Cir.1999), the author, writing for a divided Ninth Circuit panel, held that " 'distribution' ... requires an element of pecuniary gain." *Id.* at 959. Like the *Black* Court, the opinion stated disbelief that the Sentencing Commission would distinguish "between a commercial pornographer who sells $40,000 worth of material and one who sells $80,000 worth, but not between a person who gives away a magazine and one who markets $40,000 worth of magazines." *Id.* at 960. The opinion also found significant the "overall punishment scheme laid out in section 2G2.2." *Id.* Section 2G2.2 encompasses six types of offenses: trafficking, receipt, transportation, shipping, advertising, and possession with intent to traffic in material involving the sexual exploitation of a minor. The opinion states, "only those offenders who merely received or advertised child pornography could receive the base level offense; all the other offenses covered by section 2G2.2 would qualify automatically for the five-level increase." *Id.* at 960-61. The author apparently believed that an additional element beyond mere distribution was required so that the enhancement would not be automatic in most of the cases covered by the guideline. Based on these arguments, the opinion concluded that pecuniary gain, albeit defined broadly, was required for the five-level enhancement and affirmed the district court's application of the enhancement based on the finding that the defendant had distributed child pornography for pecuniary reasons. *See id.* at 961-62. One panel member specially concurred in the result, but did not agree that pecuniary gain was required for the application of the

**4**

enhancement. *See id.* at 967-68 (Nelson, *J.,* specially concurring). Another panel member agreed that pecuniary gain was required, but dissented on the ground that pecuniary gain should be limited to instances of economic benefit. *See id.* at 969 (Reinhardt, *J.,* concurring in part and dissenting in part).

We do not believe that it is necessary to look beyond the plain meaning of the guideline. The arguments raised by Probel, drawn from *Black* and *Laney,* do not convince us that "distribution" should be limited to instances of pecuniary or other gain. The reference to the fraud table does not limit the application of the enhancement to individuals who receive a pecuniary benefit from the distribution of child pornography. The guideline itself makes clear that individuals who do not distribute child pornography for gain are to be given the threshold five-level increase. "The purpose of the reference to the table in Section 2F1.1 is clearly to provide for increased distribution enhancements tied to the value of the distributed material, not to modify the meaning of the term 'distribution.' " *Lorge,* 166 F.3d at 519. The threshold five-level enhancement is appropriate, where, as here, "no actual 'sale' takes place and hence the value of the materials distributed is not easily ascertainable." *Hibbler,* 159 F.3d at 238. Any distribution of child pornography, gratuitously or for profit, results in the continued exploitation of the victims depicted in the images. Therefore, we do not find problematic the Sentencing Commission's decision to treat individuals like Probel in the same manner as individuals who distribute $69,999 worth of child pornography. The guideline distinguishes between larger retailers for the purpose of imposing stricter sentences. This does not suggest that small retailers or gratuitous distributors should not be subject to an enhancement.

We do not believe that the structure of the guideline compels a result different from the one we reach. "The base offense level takes into account the possession or receipt of child pornography," while the enhancement is only available for "distribution." *See Hibbler,* 159 F.3d at 238. Individuals who only receive or advertise child pornography, absent any distribution, would not receive the enhancement. The enhancement, contrary to Probel's contention, is not automatic.

We are required to apply the language employed by the Sentencing Commission which compels the result we reach today. Probel "distributed" child pornography within the ordinary meaning of the term. Nothing in the guidelines suggests that the term should be limited to instances of pecuniary or other benefit. Probel's sentence was correctly enhanced five levels pursuant to U.S.S.G. § 2G2.2(b)(2).

CONCLUSION

The district court's judgment is AFFIRMED.