EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
Robert Scott Fowler pled guilty to a single count of interstate transportation of child pornography. See 18 U.S.C. § 2252(a)(1). The district court sentenced him to eighty-seven months incarceration after applying two enhancements to his sentence which he challenges on appeal. I agree with the majority that the district court properly enhanced his sentence because his offense involved “distribution.” *463 See United States Sentencing Commission, Guidelines Manual, § 2G2.2(b)(2) (1998). However, I disagree with the majority’s view that Fowler’s sentence should not have been enhanced under Sentencing Guideline § 2G2.2(b)(3) for possessing sadistic material. Accordingly, I dissent in part.
Fowler was convicted after he transported child pornography to “Katrina,” a detective in the Hillsborough County Sheriffs Office in Tampa, Florida who Fowler thought was a- fourteen-year-old girl. He sent the images to her to induce her to have sex with him. He was arrested at a hotel after he flew to Tampa to meet with her.
Fowler consented to have his residence searched. Government agents found seventy-six pornographic and sadistic images on his computer equipment, two of which they argued involved minors.
Section 2G2.2(b)(3) allows a four-level enhancement “[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.” “Offense” is broadly defined to include “the offense of conviction and all relevant conduct under § 1B1.3.” USSG § 1B1.1 comment, (n.l(i)).[1] “Relevant conduct” is in turn defined as “all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense....” USSG § lB1.8(a).
The district ' court applied the § 2G2.2(b)(3) enhancement after concluding that Fowler’s possession of two sadistic images depicting minors[2] was “relevant conduct” to his distribution offense. We review this finiling only for clear error, see United States v. Wall, 180 F.3d 641, 644 (5th Cir.1999) (“A district court’s determination of what constitutes relevant conduct for purposes of sentencing is reviewed for clear error.”), and I cannot agree with the majority that the court’s finding was clearly erroneous.
Fowler’s possession of the sadistic images is proscribed by the same criminal statute as his distribution conviction, see 18 U.S.C. § 2252(a)(1) (punishing knowing transportation); id. § 2252(a)(4) (punishing knowing possession), and it was.literally an “act[ ] committed ... by the defendant ... that occurred during the commission of the offense of conviction,” USSG §,lB1.3(a). In this respect, the enhancement • here fits within § 2G2.2(b)(3)’s clear intent to punish all *464 relevant uncharged conduct. Thus, the court properly found that Fowler’s possession of sadistic child pornography was relevant conduct to his transportation offense.
The majority concludes to the contrary by defining Fowler’s “offense” narrowly. The majority implies that, because Fowler received the sadistic images two years before he committed the offense conduct, Fowler’s reqeipt of the images cannot be “relevant conduct” to the offense to which he pled guilty. This view of Fowler’s relevant conduct ignores the fact that, although he received the images two years before he committed the instant offense, he continued to possess them up to and during the time of the offense. His continued possession of the sadistic images— itself prohibited by statute — was thus “relevant conduct” to his violation of another part of the samé child pornography statute.
The majority cites no cases which support its narrow view of “relevant conduct.”[3] Instead, the only case to have addressed this issue contradicts the majority’s view. In United States v. Ellison, 113 F.3d 77 (7th Cir.1997), the defendant was convicted of receiving child pornography and his sentence was enhanced based on magazines found in his house containing sadistic pictures of boys. The Seventh Circuit upheld the enhancement because “[djuring the commission of the crime of Ellison’s conviction — receipt of the pornographic videotape — Ellison was committing another crime: possession of child pornographic magazines, a crime punishable under 18 U.S.C. § 2252(a)(4).” Id. at 83. The court concluded that, “[f]ar from being unrelated, both Ellison’s receipt and his possession of child pornographic materials violate the same criminal statute and indicate his dangerous propensities in the realm of sexual exploitation of minors.” Id. In reaching this conclusion, the court specifically rejected the defendant’s contention, accepted by the majority here, that his sentence could not be enhanced for the magazines because he had received them twenty years earlier.[4] See id. at 83 n.8 (“Ellison seems to make an argument that because he acquired the magazines some twenty years ago (when receipt and ownership of this pornography was legal), they are too temporally remote to be considered relevant conduct. The temporal relevance of the magazines, however, is unrelated to when and how he acquired them; they are relevant because he illegally possessed them (and, he admitted, ‘used’ them to keep him from seeking out boys) contemporaneously with his crime of receipt.”).[5]
*465 The Seventh Circuit’s reasoning in Ellison is correct. A defendant’s possession of sadistic child pornography is clearly “relevant conduct” to that defendant’s simultaneous transmission of child pornography. Because the majority erroneously concludes to the contrary, I dissent.

. By contrast, § 2G2.2(b)(1) requires an enhancement "[i]f the material involved a prepubescent minor or a minor under the age of twelve years.” USSG § 2G2.2(b).(l). This enhancement's requirement that "the material” involve a prepubescent minor indicates a broader scope for § 2G2.2(b)(3), which applies when "the offense involved” sadistic material. Id. § 2G2.2(b)(3).

. Fowler argues in passing that the government failed to show that the two images depicted minors. He did not object to the enhancement on this grounds below, and thus we review this argument for plain error. See United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir.1994).
A sentencing court may rely on evidence so long as it has sufficient indicia of reliability, which includes being stated in the PSR. See United States v. Vital, 68 F.3d 114, 120 (5th Cir.1995) ("A presentence report is considered reliable and may be considered as evidence by the trial judge in making sentencing determinations.”). The PSR stated that the images were sadistic and that two of the images involved minors. Additionally, the government submitted copies of the two images. Because Fowler did nothing (and, indeed, still has done nothing) to rebut the PSR's statement that the images involved minors, the court properly treated them as involving minors. See United States v. Lowder, 148 F.3d 548, 552 (5th Cir.1998) ("Mere objections [to the PSR] do not suffice as competent rebuttal evidence.”); Vital, 68 F.3d at 120 (“Vital failed to present any evidence to support his objection to the court’s reliance on the information set forward in the PSR pertaining to August’s testimony. Consequently, the district court’s reliance on the PSR was not clearly erroneous.”).

. Although we have not addressed the question presented here, we have uniformly upheld application of the § 2G2.2(b)(3) enhancement. See, e.g., United States v. Canada, 110 F.3d 260 (5th Cir.1997); United States v. Kimbrough, 69 F.3d 723 (5th Cir.1995).

. The First Circuit has reached a similar conclusion in allowing the enhancement based on sadistic images involving only adults. See United States v. Schultz, 970 F.2d 960, 962-63 (1st Cir.1992). Even though the child pornography in Schultz did not involve sadistic images, the First Circuit held that the enhancement was proper because the defendant also distributed adult pornography involving sadistic images. Noting that the Sentencing Guidelines "counsel!] a broad interpretation of the term 'offense,' ” the First Circuit held that the enhancement was proper because "[t]he sale of the 'CESC' videotape depicting adult sadomasochism was properly considered 'relevant conduct’ for which Schultz was ‘otherwise accountable.' " Id. at 963.

.The majority relies on this footnote to argue that Ellison is distinguishable. Under the majority's, view, Ellison only held that the possession of sadistic child pornography was relevant conduct to the receipt of other child pornography because the defendant used both types of pornography in "the same way — as a substitute for live victims.” The • majority premises this view on the parenthetical language in the footnote about the defendant's use of the materials "to keep him from seeking out boys.” Id. As is clear from the rest of the footnote and the opinion, this parenthetical language only bolstered the court’s otherwise-sufficient reasoning: that contemporaneous possession of child pornography is relevant conduct to another child pornography offense because both types of conduct *465 violate the same criminal statute and both indicate the same "dangerous propensities in the realm of sexual exploitation of minors.” Id. at 83. This same basic reasoning justifies the enhancement here.