Revised August 29, 2001

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41259
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERT HILL

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

July 11, 2001

Before KING, Chief Judge, BARKSDALE, Circuit Judge, and SCHELL, District Judge.[*]

KING, Chief Judge:

Defendant-Appellant Robert Hill appeals his sentence imposed following a guilty plea to two counts of distributing child pornography and two counts of receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Hill appeals the application of a five-level sentence enhancement for

_____

[*]    District Judge of the Eastern District of Texas, sitting by designation.

"distribution" of child pornography, contending that his conduct did not involve "distribution" within the meaning of § 2G2.2(b)(2) of the United States Sentencing Guidelines. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 26, 1999, Defendant-Appellant Robert Hill used his America Online account to forward a computer graphic image file containing child pornography to 108 recipients, including an undercover law enforcement officer. The graphic image was forwarded to the United States Customs Service, which obtained a federal search warrant for Hill's residence on February 3, 2000. The search of Hill's home revealed a computer, scanner, tape drive, floppy discs, and approximately 545 images of child pornography. Legal pornographic material was also recovered in the search. All of the pornographic material had been categorized and cataloged by Hill.

On February 10, 2000, Hill, a correctional officer, was interviewed at his place of employment, the Texas Department of Criminal Justice in Beeville, Texas. Hill admitted that he had received computer images containing child pornography through chat rooms on the Internet and that he had knowingly both printed and retained hard copies of the images and transmitted the images to other anonymous people who logged into the chat rooms. Hill

2

denied maintaining any "buddy lists" of the anonymous people he had met in the chat rooms, and claimed to have stopped sending and receiving child pornography after his America Online account was terminated.

Hill was charged in a seven-count indictment, including three counts of distributing visual depictions of child pornography (Counts One, Two, and Three) and four counts of receiving visual depictions of child pornography (Counts Four, Five, Six, and Seven), in violation of 18 U.S.C. § 2252(a)(2). On July 31, 2000, Hill entered into a written plea agreement with the government, pleading guilty to Counts One, Two, Five, and Seven.

The Presentence Investigation Report ("PSR") prepared by the probation department calculated Hill's sentence based on the 1998 version of the United States Sentencing Guidelines (the "Guidelines").[1] Pursuant to § 2G2.2(a) of the Guidelines, each count received a base offense level of 17. Pursuant to § 2G2.2(b)(1), a two-level upward adjustment was recommended for all counts because material in the offense involved prepubescent minors. Pursuant to § 2G2.2(b)(5), a two-level upward adjustment was also recommended for all counts because a computer was used

_____

[1]    Because Hill was sentenced on October 20, 2000, before the November 1, 2000 effective date of the 2000 Guidelines, the 1998 version was the appropriate version of the Guidelines to apply in his case.  See 18 U.S.C. § 3553(a)(4)(A) (requiring that the sentence be determined by the Guidelines in effect on the date of sentencing).

to transmit the images involved in the offense.  In connection with Counts One, Two, and Seven, the PSR recommended a four-level upward adjustment based on § 2G2.2(b)(3) because the images involved portrayed masochistic or violent behavior.  In connection with Counts One and Two, the PSR recommended a five-level upward adjustment based on § 2G2.2(b)(2) because the offense involved "distribution."  It is this last adjustment that gives rise to the present appeal.

The PSR concluded that Hill's total adjusted offense level for Counts One and Two was 30, that his adjusted offense level for Count Five was 21, and that his adjusted offense level for Count Seven was 25.  Based on the grouping rules under § 3D1.4, Hill's combined adjusted offense level was 33.  The probation department recommended a three-level reduction under § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 30.  Because Hill did not have any prior criminal history, his "criminal history score" was determined to be I, subjecting him to a guideline range of 97 to 121 months imprisonment.

Hill objected to the PSR's inclusion of the five-level increase for distribution as applied to Counts One and Two, arguing that the 1998 Application Notes to § 2G2.2(b)(2) defined "distribution" as "any act related to distribution for pecuniary gain," see U.S. SENTENCING GUIDELINES MANUAL § 2G2.2, Application Note 1 (1998), and that the government had presented no proof that he had transmitted the images for pecuniary gain.

4

The district court adopted the PSR at the sentencing hearing. At the hearing, Hill renewed his objection to the recommended upward adjustment for distribution under § 2G2.2(b)(2). The district court overruled the objection and applied the five-level sentence enhancement to Counts One and Two. The district court sentenced Hill to 110-months imprisonment, followed by a three-year term of supervised release, and ordered Hill to pay a $50 fine. Hill timely appeals his sentence.

## II. STANDARD OF REVIEW

"In examining sentences imposed under the federal sentencing guidelines, 'we review the trial court's findings of fact for clear error and review purely legal conclusions or interpretations of the meaning of a guideline de novo.'" United States v. Canada, 110 F.3d 260, 262-63 (5th Cir. 1997) (quoting United States v. Kimbrough, 69 F.3d 723, 733 (5th Cir. 1995)). "A sentence will be upheld unless it was imposed in violation of law, was an incorrect application of the sentencing guidelines, or is outside the range of the applicable sentencing guideline." United States v. Ocana, 204 F.3d 585, 588 (5th Cir. 2000). The government must prove factors for enhancement of sentencing by a preponderance of the evidence. See Canada, 110 F.3d at 263.

## III. SENTENCING ENHANCEMENT FOR DISTRIBUTION

This case turns on the interpretation of the term "distribution" found in § 2G2.2(b)(2) of the Guidelines. See U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(2) (1998). Under the heading "Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic," the 1998 version of § 2G2.2(b)(2) provided:

> If the offense involved distribution, increase by the number of levels from the table in § 2F1.1 corresponding to the retail value of the material, but in no event by less than 5 levels.

Id. The 1998 Application Note to § 2G2.2 further defined "distribution" as "includ[ing] any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." Id. § 2G2.2(b)(2), Application Note 1 (1998).

As will be discussed infra in more detail, the district court made no findings at the sentencing hearing regarding whether Hill "distributed" the illegal material for pecuniary gain or some non-pecuniary valuable consideration, and instead, found in effect that a gratuitous transfer satisfied the definition of "distribution" contained in § 2G2.2(b)(2). It is this finding that Hill challenges.

6

In United States v. Canada, this court held that the term distribution was not limited to pecuniary gain and that it also included distribution based on non-monetary gains. See 110 F.3d 260, 263 (5th Cir. 1997) ("[T]he intended definition of 'distribution' for the sake of the guideline is meant to be inclusive of pecuniary gain purposes, but not exclusive of all other purposes."). Therefore, we held that because Canada's distribution "was accompanied by an additional element," namely the potential gain of enticing a minor to have sexual relations with him, the five-level enhancement was warranted. See id.; see also United States v. Fowler, 216 F.3d 459, 460 (5th Cir. 2000) (holding that distribution of child pornography to encourage a meeting to engage in sex was sufficient to warrant enhancement).[2]

---

[2] This reasoning is in accord with the majority of circuit courts of appeals. Every circuit court of appeals that has interpreted "distribution" in the 1998 version of the Guidelines has held that pecuniary gain includes monetary gain but is not limited to monetary gain. See United States v. Williams, No. 99-4882, -- F.3d ---, 2001 WL 672049, at *3 (4th Cir. June 15, 2001); United States v. Probel, 214 F.3d 1285, 1288 (11th Cir. 2000); United States v. Imgrund, 208 F.3d 1070, 1072 (8th Cir. 2000); United States v. Laney, 189 F.3d 954, 959 (9th Cir. 1999); United States v. Horn, 187 F.3d 781, 790 (8th Cir. 1999); United States v. Lorge, 166 F.3d 516, 518 (2d Cir. 1999); United States v. Hibbler, 159 F.3d 233, 238 (6th Cir. 1998); United States v. Black, 116 F.3d 198, 202 (7th Cir. 1997). As such, courts have upheld the enhancement for distribution when proof of barter, trade, or in-kind transactions has been demonstrated.
Within this general consensus, however, some difference emerges regarding whether "distribution for pecuniary gain" can also encompass gain that cannot be considered within a broad definition of valuable consideration, i.e., pecuniary or non-pecuniary gain without a monetary equivalent. See Imgrund, 208 F.3d at 1072; Laney, 189 F.3d at 959; Black, 116 F.3d at 202.

However, Canada and subsequent cases have left open the question Hill purportedly raises: whether the enhancement for distribution can be applied without the finding of an additional element of pecuniary gain or non-pecuniary thing of value (i.e., whether the five-level enhancement is allowed for gratuitous dissemination of child pornography). See Canada, 110 F.3d at 263 n.4 ("[W]e do not address the issue of whether such additional element must be present in order for the court to enhance sentencing under § 2G2.2(b)(2).").

Specifically, Hill argues that the government submitted no evidence that he transmitted the images for monetary gain, or to entice minors to have sex with him, or in return for images sent to him by others, or for any reason other than his own gratification. Hill asserts that the gratuitous transfer of images without an additional element of valuable consideration or gain cannot lead to application of the five-level enhancement. In so arguing, Hill relies on United States v. Imgrund, in which the Court of Appeals for the Eighth Circuit stated, in interpreting § 2G2.2(b)(2), that "[p]urely gratuitous dissemination . . . will not trigger the § 2G2.2(b) enhancement for distribution." 208 F.3d 1070, 1072 (8th Cir. 2000).[3]

---

[3] Hill also cites to two decisions from other circuit courts that implicitly support his argument. See Laney, 189 F.3d at 959-61; Black, 116 F.3d at 202-03.

The government conceded at the sentencing hearing that there was no evidence that Hill traded for the particular images he disseminated or that he received any images in return for the 108 copies of the image he was convicted of transmitting in Count One.[4]  Further, there was no evidence adduced regarding whether Hill received any pecuniary gain from the transactions.  Instead, the government relies on the fact that Hill's extensive collection of child pornography, which he obtained over the Internet, demonstrates that he was actively collecting and trading images with other like-minded individuals.  The government asserts that Hill discriminated in sending his child pornography to only those people logged on in certain Internet chat rooms and, thus, must have been trading images.  The government argues, therefore, that the element of valuable consideration required under Canada has been demonstrated to support the enhancement.[5]  The government also relies on cases arising from the Courts of Appeals for the Second and Eleventh Circuits, which have found that all dissemination of child

_____

[4]  The PSR did not provide information regarding the number of copies of the image underlying Count Two that were disseminated or information regarding to whom that image was sent.

[5]  In an addendum to the PSR, the probation department posited another non-monetary "gain" or "thing of value" that Hill may have received.  The probation department argued that the enhancement was warranted under Canada because Hill sent the materials for his own "gratification," and this personal gratification was the thing of value received.  The district court did not rely on this recommendation.

9

pornography, gratuitous or for some thing of value, warrants the enhancement for distribution. See United States v. Probel, 214 F.3d 1285, 1288 (11th Cir. 2000); United States v. Lorge, 166 F.3d 516, 518 (2d Cir. 1999).

As mentioned above, the district court in the instant case explicitly relied on the reasoning of the Eleventh and Second Circuits, holding that even if Hill disseminated the images gratuitously, the action warranted the five-level distribution enhancement. The district court stated:

> [A]nd for the same reasons that the Second and the Eleventh Circuit[s] have found, I do not find it necessary to make a finding of pecuniary gain, because in the language of the Second Circuit any distribution of child pornography gratuitously or for profit, results in a continued exploitation of the victims depicted in the images.

In so holding, the district court failed to determine whether Hill had received any non-pecuniary valuable consideration for disseminating the materials, e.g., whether he had been involved in any in-kind barter or quid-pro-quo exchanges of child pornography.

In resolving the question left open by Canada — whether gratuitous transfers of child pornography warrant the five-level distribution enhancement — we also adopt the reasoning of the Courts of Appeals for the Second and Eleventh Circuits. In Probel, the Eleventh Circuit determined that "the plain language of the guideline does not limit 'distribution' to instances of pecuniary or other gain." 214 F.3d at 1289-90. Because

10

distribution "<u>includes</u> any act related to distribution for pecuniary gain, including production, transportation, and possession with the intent to distribute," a natural reading of the guideline demonstrates an expansive rather than limiting application. See <u>id.</u> at 1288 (emphasis added); see also <u>Lorge</u>, 166 F.3d at 518 ("Application Note 1 . . . is most easily read as intended to avoid an overly narrow reading of distribution."). This conclusion supports our earlier interpretation in <u>Canada</u>, which recognized a broad definition of the term "distribution" in § 2G2.2(b)(2). See <u>Canada</u>, 110 F.3d at 263.

We agree that a plain reading of the term "distribution" in § 2G2.2(b)(2) includes purely gratuitous distribution of child pornography. See <u>Probel</u>, 214 F.3d at 1288 ("[T]he term distribution should be given its ordinary meaning of to dispense or to give out or deliver." (citations and internal quotations omitted)); <u>Lorge</u>, 166 F.3d at 518 ("The ordinary meaning of distribution involves an act or series of acts without regard to the actor's motive."). As such, we hold that the threshold five-level enhancement is appropriate in circumstances that do not include the receipt of monetary or other valuable gain.[6] Because

---

[6] This conclusion does not result in an automatic application of the distribution enhancement under § 2G2.2(b)(2). As we recognized in <u>Canada</u>, receipt of child pornography with the intent to traffic in those materials is covered under the base offense level of § 2G2.2. See 110 F.3d at 264. This receipt may not necessarily warrant a five-level distribution enhancement. As the Court of Appeals for the Fourth Circuit stated in <u>United States v. Williams</u>:

Hill's act of dissemination of child pornography fits this plain reading of the term "distribution," we conclude that the district court did not err in its application of the Guidelines.

We note that § 2G2.2(b)(2) has been amended effective November 1, 2000. See U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(2) (2000). Hill's counsel brings the amendment to our attention, but concludes that because Hill's offense was committed before November 1, 2000, the amended guideline is not applicable to Hill's case. Accordingly, because neither party has briefed the amended guideline, we do not consider it.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM Hill's sentence.

---

> The [§ 2G2.2(b)(2)] enhancement would not apply to those in the trafficking chain who are convicted under the applicable statutes of merely receiving or advertising child pornography. . . . The difference in treatment makes sense . . . because those who dispense child pornography ought to be punished more severely than those who do not.

--- F.3d ---, No. 99-4882, 2001 WL 672049, at *3 (4th Cir. June 15, 2001).

12