**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-30974
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

VIRGIL WAYNE SISTRUNK,

Defendant – Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(No. 00-CR-50078-ALL)

May 3, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Virgil Sistrunk was convicted on his plea on a single count of having knowingly received and distributed child pornography using a computer in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court sentenced him to 70 months' imprisonment. In so doing, it concluded that a five-

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level enhancement was warranted based on its finding that Sistrunk distributed child pornography in expectation of receiving a non-pecuniary thing of value. At sentencing, Sistrunk admitted to distributing the offending images but denied that he did so to receive images in return. Instead, he claimed that he sent them because he was "just being a good guy." Sistrunk appeals the enhancement only. We affirm.

We review for clear error findings of fact made for sentencing and de novo interpretations of the sentencing guidelines. *See United States v. Hill*, 258 F.3d 355, 357 (5th Cir. 2001). Section 2G2.2 is the applicable sentencing guideline for violation of 18 U.S.C. § 2252A(a)(2)(A). It provides that for offenses involving the "[d]istribution for the receipt, or the expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels." UNITED STATES SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2G2.2(b)(2)(B)(2001). We have not before construed this provision. The application notes to § 2G2.2 elaborate on the kind of distribution to which subdivision (b)(2)(B) was intended to apply: "[A]ny transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." *Id.* § 2G2.2 cmt. n.1. They define "thing of value" as "anything of valuable consideration," which includes "child pornographic material received in exchange for other child pornographic material bartered in consideration

for the material received." *Id.*

We conclude that the district court did not err in finding that Sistrunk expect to receive a thing of value. A distribution that qualifies for enhancement under U.S.S.G. § 2G2.2(b)(2)(B) need not have been made on a strict, quid pro quo basis. Stated differently, it is not necessary that the offending image be transmitted for promise that the recipient would promptly send an image of his own in return. Instead, it is enough that an image was distributed in hope that such a gesture would facilitate a continuing relationship with the recipient. Where the recipient also deals in pornographic material, as was the case here, there is a natural expectation that he will do his bit for the relationship by sending or continuing to send his own images in return. (This is what Sistrunk calls "just being a good guy.") Of course, to not send a return image would make any future distributions less likely.

It has not escaped us that U.S.S.G. § 2G2.2 and its application notes rely heavily on the language of contract law. If by "valuable consideration" the sentencing commission meant "something of value (such as an act, a forbearance, or a return promise) received by a promisor from a promisee,"[1] it would be difficult to conclude that Sistrunk's distributions warrant an enhancement under subdivision (b)(2)(B). We do not think,

---

[1] BLACK'S LAW DICTIONARY 131 (2d pocket ed. 2001).

however, that the commission intended that the sentencing court first find a bargained-for agreement between two apparent brokers in child pornography before applying that subdivision. Furthermore, construing subdivision (b)(2)(B) as we do today does not make its companion subdivision, (b)(2)(E), superfluous. The latter provision states that for a distribution other than one "described in subdivisions (A) through (D), increase by 2 levels." U.S.S.G. § 2G2.2(b)(2)(E). That provision would still be applicable, for example, had Sistrunk distributed pornographic images by accident or without the expectation of ever getting images in return. Indeed, this is exactly what he contends he did, though we see no clear error in the district court finding otherwise.

AFFIRMED.