United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50098 c/w
No. 03-50109

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANNETTE FRANCES PATRICK and
GWENDOLYN A. WHEELER-McCAMMON,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Western District of Texas
Austin Division

_____

Before JOLLY and WIENER, Circuit Judges, and WALTER, District Judge.[*]

PER CURIAM:[**]

Annette Frances Patrick ("Patrick") and Gwendolyn A. Wheeler-McCammon ("Wheeler-McCammon") each appeal 70-month sentences imposed following guilty-plea convictions on a one-count bill of information for theft, embezzlement, and misapplication of money and funds of the Bank of America, in violation of 18 U.S.C. § 656

_____

*District Judge for the Western District of Louisiana, sitting by designation.

**Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

and 18 U.S.C. § 2. Specifically, Patrick and Wheeler-McCammon challenge the district court's application of a two-level enhancement under U.S.S.G. § 2B1.1(b)(12)(A) for deriving $1 million or more in gross receipts from a financial institution as a result of the offense.

A sentence will be upheld unless it was imposed in violation of law, was an incorrect application of the sentencing guidelines, or is outside the range of the applicable sentencing guideline. United States v. Ocana, 204 F.3d 585, 588 (5th Cir. 2000). This court reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. Id.

Under U.S.S.G. § 2B1.1(b)(12)(A), the offense level is to be increased by two levels if "the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense." The sentencing guideline's application notes make clear that, "[f]or the purpose of subsection (b)(12)(A), the defendant shall be considered to have derived more than $1,000,000 in gross receipts if the gross receipts to the defendant individually, rather than to all participants, exceeded $1,000,000." U.S.S.G. § 2B1.1(b)(12)(A) n. 9(A)(emphasis added). This commentary is authoritative "unless it violates the Constitution, or a federal statute, or is inconsistent with or a plainly erroneous reading of the guidelines." United

States v. Frazier, 53 F.3d 1105, 1112 (10ᵗʰ Cir. 1995) (citing Stinson v. United States, 508 U.S. 36, 42-45 (1993)).

The burden of persuasion of enhancement is not a stringent one. "The government must prove factors for enhancement of sentencing by a preponderance of the evidence." United States v. Hill, 258 F.3d 355, 357 (5ᵗʰ Cir. 2001). This simply means that the trier of fact must believe that the existence of a fact is more probable than its nonexistence. Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 137 n. 9 (1997) (citing Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal., 508 U.S. 602, 622 (1993)). As earlier indicated, we review findings of fact for clear error.

The defendants argue that the district court misapplied the guidelines because there was insufficient evidence that each defendant derived $1 million as a result of the offense. Considering that the nature and complexity of the defendants' scheme required the cooperation and joint efforts of both defendants and that the defendants took equal risks, the district court could reasonably believe that it was more likely than not that each defendant derived more than $1 million as a result of the offense. Over the course of the scheme $2,638,702 was taken from the vaults of Bank of America. Wheeler-McCammon's vault was missing approximately $1,300,000, Patrick's was missing approximately $450,000, and the origin of approximately $850,000 is

3

unknown.  As we have noted, the scheme required the knowledge and cooperation of both defendants to be successful.

Although the audit of the conspiracy showed that most of the money was missing from Wheeler-McCammon's vault, Patrick, who was Wheeler-McCammon's supervisor, used her position as customer service manager to cover Wheeler-McCammon's thefts.  Moreover, at times when Patrick did not control a vault -- and was unable personally to steal money -- Wheeler-McCammon would provide her with a division of the money stolen by Wheeler-McCammon.  In schemes such as this, where the right hand necessarily knows what the left is doing and the parties encounter equal risk, we cannot say that the district court was clearly erroneous in concluding that it was more likely than not that the proceeds were split on a fairly equal basis.

Accordingly, we find that the government sufficiently proved, by a preponderance of the evidence, that both defendants derived at least $1 million as a result of the offense.  The district court's enhancement of the defendants' sentences is, therefore, AFFIRMED.