United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10438
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

STEFAN DEWAYNE LONGBINE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-257-ALL-Y
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Stefan Dewayne Longbine appeals from his conviction of receipt of child pornography.  The Government's motion for summary affirmance is GRANTED.  The Government's motion to dismiss the appeal is DENIED.  The Government's motion for an extension of time in which to file a brief is DENIED as moot.

     Longbine contends that the district court erred by applying U.S.S.G. § 2G2.2 to determine his offense level and, for the first time on appeal, that the four-level adjustment to his offense level for having material depicting sadistic and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

masochistic images of adults having sex with children violated Blakely v. Washington, 124 S. Ct. 2531 (2004), and constituted plain error.  Longbine concedes that his Blakely contention is foreclosed by United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)(No. 04-5263), but he raises the issue to preserve it for further review.

Longbine's receipt of child pornography was sufficient to trigger application of U.S.S.G. § 2G2.2.  United States v. Canada, 110 F.3d 260, 264 (5th Cir. 1997).  Longbine's argument that his guideline adjustment violated Blakely is foreclosed by Pineiro, in which this court held that "Blakely does not extend to the federal Guidelines."  Pineiro, 377 F.3d at 465-66.

AFFIRMED.