Revised August 21, 2001

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-40496

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GORDON SIMMONDS,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

August 16, 2001

Before HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges, and DOWD[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

Gordon Simmonds ("Simmonds") appeals his conviction and sentence based on a guilty plea of receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). We affirm.

_____

[*]    District Judge of the Northern District of Ohio, sitting by designation.

Simmonds, a consultant with Noble Drilling Company, was temporarily residing at the Sabine Pass Motel while he worked at a nearby site. Detective Darren Washburn ("Detective Washburn") of the Port Arthur Police Department received information that Simmonds might be harboring a 14-year-old runaway girl. Detective Washburn went to the motel and knocked on the door of Room 301, whereupon Simmonds answered. Although Detective Washburn did not have a search or arrest warrant, Simmonds voluntarily allowed the detective to come into his motel room.

After he entered the room, Detective Washburn noticed a white piece of paper lying face-down on the edge of a nearby table. He testified that he could see through the sheet of paper an image of a child in a sexual pose. He turned over the paper and confirmed that it was indeed child pornography. Detective Washburn then requested and received consent to search the entire room. The search yielded a large cache of child pornography, including electronic images downloaded to his computer. Later, the government learned from German authorities that someone with the Internet address "Gsimm99298@aol.com" had sent three images of child pornography to an informant. The United States Customs Service determined that the America On-Line e-mail address was registered to Simmonds.

A federal grand jury indicted Simmonds on one count of knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and a second count of attempting to reproduce child pornography in violation of 18 U.S.C. § 2252A(a)(3). After unsuccessfully moving to suppress the evidence seized from his motel room, Simmonds pleaded guilty on the first count, but reserved the right to appeal the district court's denial of his motion to suppress. The Presentence Investigation Report recommended increasing his offense level by five pursuant to § 2G2.2(b)(2) of the United States Sentencing Guidelines ("Sentencing Guidelines") on the ground that Simmonds had

electronically "distributed" three photographs depicting a minor engaged in sexually-explicit conduct.

*See* U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(2) (1998). The district court accepted the Presentence Investigation Report's recommendations, and sentenced him to 150 months.

Simmonds now appeals on two grounds. First, he claims that Detective Washburn made an unconstitutional search by turning over the face-down paper, and that accordingly all evidence of child pornography should be excluded as fruits of an illegal search. Second, he argues that "distribution" under Sentencing Guideline § 2G2.4(b)(2) requires a defendant to have received something of value (pecuniary or non-pecuniary) in exchange for child pornography. We review the district court's factual findings for clear error and conclusions of law de novo. *See United States v. Munoz*, 150 F.3d 401, 411 (5th Cir. 1998) (applying this standard for review of suppression hearing decisions); *United States v. Canada*, 110 F.3d 260, 262-63 (5th Cir. 1997) (applying this standard for Sentencing Guideline questions).

We first reject Simmonds' argument that Detective Washburn illegally turned over and "searched" the face-down piece of paper without any probable cause. It has long been established that "[l]aw enforcement officers may seize anything they find in plain view without any search warrant." *Munoz*, 150 F.3d at 411(internal citations omitted). An object falls within the plain view doctrine "if law enforcement officers are lawfully in a position from which they view it, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to it." *Id.* The incriminating nature of an item is "immediately apparent" if the officer had probable cause to believe that it was evidence of a crime or contraband. *See Arizona v. Hicks*, 480 U.S. 321, 326-27, 107 S. Ct. 1149, 1153, 94 L. Ed.2d 347 (1987).

Simmonds does not dispute that Detective Washburn was lawfully present in the motel room,

but insists that he did not have probable cause to turn over the piece of paper. This argument lacks merit. Although the paper was face-down against the table, Detective Washburn testified that he could see through the white sheet of paper an image of a child in a sexual position. In other words, the pornographic picture was in plain view, despite the paper being face-down. He thus had the requisite probable cause to turn over the sheet of paper and conduct a "search" of it. After examining the document itself, the district court credited Detective Washburn's testimony.[1] Given that the evidence must be viewed in the light most favorable to the government, we hold that the district court did not err in refusing to suppress the evidence. *See Munoz*, 150 F.3d at 411.

We also reject Simmonds' argument that the district court incorrectly increased his offense level for distributing images of child pornography over the Internet. The district court sentenced Simmonds under the 1998 version of the Sentencing Guidelines, which provide for a five level increase "[i]f the offense involve[s] distribution." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(2). Simmonds first claims that he could not have electronically sent the pornographic pictures, because he was not at his permanent residence in Mississippi when the images were transmitted. The district court, however, found that he had his computer with him when he was staying at the motel. Additionally, the court found that the America On-Line account was registered to Simmonds, and that someone would need to know his user-identification and private password to access his account. Simmonds has failed to show that the district court's factual finding was clearly erroneous. *See Canada*, 110 F.3d at 262-63.

Second, Simmonds argues that the Sentencing Guidelines require a defendant to have received

---

[1]     The district court said that it could see through the sheet of paper, and that the image appeared to be of a minor in a state of undress and in a sexual pose. Simmonds has not shown why this factual finding is clearly erroneous.

something of value (pecuniary or non-pecuniary) for the "distribution" of the pictures of child pornography. He points out that the government did not adduce any evidence that he received anything of value in exchange for the three images he sent.[2] The notes to the 1998 version of the Sentencing Guidelines state that distribution "*includes* any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(2), cmt. n.1 (emphasis added). Every Circuit that has interpreted the word "distribution" has held that it includes pecuniary gains as well as some non-pecuniary gains.[3] Circuit courts, though, are split as to whether purely gratuitous dissemination of child pornography qualifies as "distribution."

The Second and Eleventh Circuits have held that all transmission of child pornography—regardless of whether it was for something of value—triggers the "distribution" sentencing enhancement under the 1998 version of the Sentencing Guidelines. *See United States v. Probel*, 214 F.3d 1285, 1288 (11th Cir. 2000); *United States v. Lorge*, 166 F.3d 516, 518 (2d Cir. 1999). On the other hand, the Seventh, Eighth and Ninth Circuit courts have said that purely

---

[2]     At the sentencing hearing, the government said that it was prepared to call an expert who would testify that defendants in computer crime cases usually send pornographic pictures in exchange for other pornographic images (and hence receive something of value). Indeed, the government suggested that it would have been impossible for Simmonds to have accumulated such a large collection of child pornography without exchanging it with other persons over the Internet. The district court, however, did not find that Simmonds had actually received something of value for the three pictures in question.

[3]     *See, e.g., United States v. Fowler*, 216 F.3d 459, 460 (5th Cir. 2000); *United States v. Lorge*, 166 F.3d 516, 518 (2d Cir. 1999); *United States v. Williams*, 253 F.3d 789, 793 (4th Cir. 2001); *United States v. Hibbler*, 159 F.3d 233, 238 (6th Cir. 1998); *United States v. Imgrund*, 208 F.3d 1070, 1072 (8th Cir. 2000);*United States v. Probel*, 214 F.3d 1285, 1288 (11th Cir. 2000); *United States v. Laney*, 189 F.3d 954, 959 (9th Cir. 1999) (requiring pecuniary gain but defining it broadly to include the bartering of goods and services);*United States v. Black*, 116 F.3d 198, 202 (7th Cir. 1997) (same).

gratuitous transmission of child pornography does not qualify as "distribution." *See United States v. Imgrund*, 208 F.3d 1070, 1072 (8th Cir. 2000); *United States v. Laney*, 189 F.3d 954, 959 (9th Cir. 1999); *United States v. Black*, 116 F.3d 198, 202 (7th Cir. 1997).

We recently concurred with the Second and Eleventh Circuits in holding that even purely gratuitous dissemination of child pornography is considered "distribution," at least for the 1998 version of the Sentencing Guidelines.[4] *See United States v. Hill*, No. 00-41259, 2001 WL 788613, at *4 (5th Cir. July 11, 2001) (applying the 1998 version of the Sentencing Guidelines). We held that the plain meaning of the term "distribution" means "to dispense or to give out or deliver," and thus § 2G2.2(b)(2) includes gratuitous transmission. *Id.* (internal citations omitted). Furthermore, we said that the use of the word "includes" in the notes section of § 2G2.2(b)(2) suggested that the term "distribution" should be interpreted expansively. *See id.*; *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.1, cmt. n.2 (noting that the "term 'includes' is not exhaustive"). Accordingly, the district court correctly increased Simmonds' offense level.

AFFIRMED.

---

[4] We note that the 2000 version of § 2G2.2(b)(2) has been amended to state explicitly that distribution of child pornography for pecuniary gain deserves a minimum five-level increase; that distribution for non-pecuniary gain receives a five-level increase; and that "other" distribution is subject to an increase of two levels. We need not consider the 2000 version because Simmonds committed the crime before its effective date.