United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 05-30018
Summary Calendar

---

GORDON RAY SIMMONDS,

                                                        Plaintiff-Appellant,

versus

UNITED STATES COURT OF APPEALS, Fifth Circuit,

                                                        Defendant-
                                    Appellee.

-------------------------------------------------------------------- -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-3000
--------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gordon Ray Simmonds, currently Texas prisoner # 932489, was convicted in federal court

of receiving and distributing child pornography.  After his conviction was affirmed, *see United States*

*v. Simmonds*, 262 F.3d 468 (5th Cir. 2001), and his motion under 28 U.S.C. § 2255 was denied,

*see United States v. Simmonds*, No. 03-40895 (5th Cir. Oct. 18, 2004) (unpublished, single-judge

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

order), Simmonds filed the instant complaint in the district court complaining that he wishes to assert that he received ineffective assistance of counsel in his appeal from his criminal conviction, but that he is unable to do so because, under 5TH CIR. R. 34.7, he is not entitled to a recording or a transcript of counsel's oral argument. Simmonds requested a declaratory judgment that the rule violates his constitutional rights to counsel and due process and asked the district court to "recommend" to this court that it provide him with a transcript. We construe the complaint as asserting a civil rights action under 42 U.S.C. § 1983.

The district court dismissed the complaint with prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and denied Simmonds's request for leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal had not been taken in good faith. By applying to this court for leave to proceed IFP, Simmonds has indicated his intent to challenge the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Simmonds's ineffective-assistance claim was asserted in his prior § 2255 motion and was rejected. Although Simmonds contends that it was not fair to reject his ineffective-assistance claim without providing him with a transcript, that issue should have been asserted in the prior proceeding. Simmonds has not shown that he will be permitted to assert the issue in a second or successive motion under § 2255 or in a proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. §§ 2244(a) & 2255. Simmonds has not shown that it is unfairly prejudicial for this court to refuse to provide him with a transcript of the oral argument. The lack of prejudice is fatal to his due process claim. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Moreover, because Simmonds's due process claim implies the invalidity of this court's decision in the direct appeal from his criminal conviction, it is not cognizable in a civil rights action under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v.*

*Balisok*, 520 U.S. 641, 646–48 (1997); *Clark v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (en banc).

IT IS ORDERED that leave to proceed IFP is DENIED and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The district court's judgment dismissing the complaint pursuant to § 1915(e)(2)(B)(ii) and this court's dismissal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Simmonds has two prior strikes. *See Simmonds v. Cockrell*, 81 F. App'x 488, 489 (5th Cir. 2003); *Simmonds v. Abbott*, No. 4:04-CV-00526 (S.D. Tex. Apr. 7, 2004). Simmmonds is now BARRED under § 1915(g) from bringing a civil action or an appeal from a judgment in a civil action or proceeding under § 1915 unless he is under imminent danger of serious physical injury.