[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14897
Non-Argument Calendar

_____

D. C. Docket No. 03-00219-CR-F-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN W. TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 29, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Kevin Turner appeals his 360-month sentence imposed after he pled guilty to various counts of distributing, producing and possessing child pornography. He raises three grounds on appeal. First, he asserts the district court erred in imposing a 5-level enhancement under U.S.S.G. § 2G2.2(b)(2)[1] because the crimes involved distribution of child pornography absent pecuniary gain. Second, he contends the district court abused its discretion by upwardly departing by 8 levels under U.S.S.G. §§ 5K2.0 and 5K2.8. Third, he claims his sentence is unreasonable pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm Turner's sentence.

## I. DISCUSSION

### A. *U.S.S.G. § 2G2.2(b)(2)*

We have held pre-*Booker* standards of review concerning the district court's application of the sentencing Guidelines still apply post-*Booker*. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). We review a sentencing court's application of the Guidelines to the facts de novo and its findings of fact for clear error. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

Turner's base offense level is 17, pursuant to U.S.S.G. § 2G2.2–entitled "Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving,

---

[1] Turner was sentenced under the 1998 version of the Sentencing Guidelines. Thus, all citations to the Sentencing Guidelines are to the 1998 version.

2

Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic." Under "Specific Offense Characteristics," U.S.S.G. § 2G2.2(b)(2) provides as follows: "If the offense involved distribution, increase by the number of levels from the table in § 2F1.1 corresponding to the retail value of the material, *but in no event by less than 5 levels*." (emphasis added). The table in § 2F1.1 provides for increased offense levels dependent on the loss due to fraud.

For purposes of § 2G2.2, "'[d]istribution' *includes* any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." U.S.S.G. § 2G2.2, comment. (n.1) (emphasis added). The general application principles of the Guidelines provides: "The term 'includes' is not exhaustive." U.S.S.G. § 1B1.1, comment. (n.2). Thus, we held the term "distribution" in this respect does not require a showing of pecuniary or other benefit. *United States v. Probel*, 214 F.3d 1285, 1288-89 (11th Cir. 2000). Rather, we determined "[t]he reference to the fraud table does not limit the application of the enhancement to individuals who receive a pecuniary benefit from the distribution of child pornography." *Id.* at 1290. "The threshold five-level enhancement is appropriate" where "[a]ny distribution of child pornography,

3

gratuitously or for profit, results in the continued exploitation of the victims depicted in the images." *Id.* at 1291.

We are bound to follow our decision in *Probel.* *United States v. Smith*, 934 F.2d 270, 274 (11th Cir. 1991) (noting "a panel of this court cannot overrule binding precedent issued by a prior panel"). Turner pled guilty to three counts of distribution of child pornography, and did not dispute the facts supporting those charges, including that he posted images of the victim on the internet which he used to blackmail the victim into continuing sexual contact with him. Accordingly, the district court did not err in determining no pecuniary gain was required when Turner distributed the child pornography with the intent to force the victim to return to the sexual relationship.

B. *Upward Departure*

We review a district court's decision to depart from the Guidelines for an abuse of discretion, giving the district court's determination "substantial deference." *United States v. Melvin*, 187 F.3d 1316, 1320 (11th Cir. 1999). A district court may depart upward from the Guidelines if it determines "'there exists an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *Id.*

4

(citation omitted). "Whether a case is unusual enough to fall outside the heartland is determined in large part by comparison with other Guidelines cases." *Id.*

The extent of a district court's departure from the Guidelines must be reasonable. *Id.* at 1322. The reasonableness of the departure is evaluated in light of the factors to be considered in imposing the sentence and the reasons the district court provided for departing. *Id.* at 1322-23. "Among the factors a sentencing court must consider are the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense." *United States v. Blas*, 360 F.3d 1268, 1273-74 (11th Cir. 1993).

Under U.S.S.G. § 5K2.8, entitled "Extreme Conduct," "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct." U.S.S.G. § 5K2.8. "Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." *Id.*

In *Blas*, we held the district court did not abuse its discretion by imposing a 7-level upward departure under § 5K2.8, on the basis the defendant knowingly exposed his minor victim to HIV through sexual acts. *Blas*, 360 F.2d at 1273-74. We noted "Blas's actions with regard to his young victim were incredibly risky and

5

dangerous, and presented circumstances that clearly were not taken into consideration in formulating the applicable guidelines." *Id.* at 1274.

In *United States v. Hersh*, 297 F.3d 1233, 1251 (11th Cir. 2002), we held a 10-level upward "prophylactic"[2] departure was not an abuse of discretion. The district court based the departure on a finding the appellant had engaged in prolonged sexual exploitation of minors, the victims (children from Third World countries) were "extraordinarily vulnerable," and the appellant had a 20-year history of committing sexual abuse, which we determined was an adequate basis upon which to find the "alternative sentence" was appropriate. *Id.* at 1251-53.

Here, the district court based its departure upon the determination Turner's conduct was manipulative, extreme, and heinous. Specifically, it noted the "crime of sex and violence" took place over a 20-month period, Turner created a "atmosphere of fear" in the area, he had a prior conviction for a similar crime, and he began to engage in another similar relationship after the victim in the present case reported the situation to the FBI. The court also determined Turner's actions of blackmailing the victim to continuing a sexual relationship, including

---

[2]Specifically, the district court had noted in a sentencing order that if we reversed as to a certain sentencing computation, it "would still achieve the same sentence by granting an upward departure" of 10 levels. *See Hersh*, 297 F.3d at 1251.

6

videotaping the victim without his knowledge and posting the images on the internet, constituted extreme conduct.

The facts adopted by the district court and undisputed by Turner include that he solicited sex from the victim, a minor, paid the victim to perform sexual acts and expected the victim to engage in sexual acts as payment for computer equipment. It is similarly undisputed he blackmailed the victim into continuing to engage in sexual contact, in part, by videotaping the acts without the victim's knowledge and posting them on the internet. In light of these facts, the departure did not constitute an abuse of discretion. Further, the 8-level departure is not unreasonable in light of the grounds set forth by the district court.

C. *Reasonableness*

In light of *Booker*, we review a final sentence under the advisory Guidelines for reasonableness. *Crawford*, 407 F.3d at 1178-79. The district court must first accurately calculate the Guideline range, and then it "may impose a more severe or more lenient sentence" after considering the § 3553(a) factors. *Id.* Factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a). We have clarified the district

7

court is not obligated to specifically address and analyze on the record every § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Here, the district court correctly calculated the applicable advisory range under the Guidelines. The court then specified Turner's case was aggravated by his criminal history, the nature and seriousness of the crime, and the need to promote respect for the law, encourage deterrence, and protect to the public, before imposing a sentence at the high end of the Guidelines range of 360 months. *See* 18 U.S.C. § 3553(a). We conclude Turner's ultimate sentence is reasonable.

## III. CONCLUSION

The district court did not err in enhancing Turner's sentence under U.S.S.G. § 2G2.2(b)(2) or abuse its discretion by upwardly departing 8 levels under U.S.S.G. §§ 5K2.0 and 5K2.8. Further, Turner's ultimate sentence is reasonable.

AFFIRMED.