IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20218
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-134-1

_____

July 23, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

José Martinez appeals his conviction by a jury and the sentence imposed for

aiding and abetting and possession with intent to distribute more than 50 grams of

cocaine base or "crack", in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii)

and 18 U.S.C. § 2.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Martinez contends that insufficient evidence was presented to establish, for sentencing purposes, that the substance involved was crack cocaine. The undisputed evidence at trial more than adequately established that the substance involved was crack cocaine. The record reflects the requisite evidence that the substance at issue was crack. This contention is without merit.[1]

Martinez further contends that his indictment was insufficient because it did not allege that he "unlawfully" delivered the drugs. The indictment contains the essential elements required to establish possession with intent to distribute. It is sufficient.[2] Martinez also asserts that the indictment failed to charge an offense because cocaine base is not listed in the statute as a controlled substance. As we heretofore have noted, "[a]ll cocaine base is cocaine, and all is a controlled substance."[3] This contention is devoid of merit.

Martinez finally contends that the district court erred by increasing his offense level under U.S.S.G. § 3B1.1(c) based on his leadership role in the offense. The record persuades that the trial court did not clearly err in assessing the two-level increase for Martinez's aggravating role.[4]

The conviction and sentence are AFFIRMED.

---

[1]United States v. Canada, 110 F.3d 260 (5th Cir. 1997).

[2]United States v. Ortega-Reyna, 148 F.3d 540 (5th Cir. 1998).

[3]United States v. Deisch, 20 F.3d 139 (5th Cir. 1994).

[4]United States v. Valencia, 44 F.3d 269 (5th Cir. 1995).