# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2011

No. 10-50809
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY PATRICK CAUDILL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-203-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Anthony Patrick Caudill appeals the 240-month prison sentence he received after his guilty plea conviction for knowingly transporting child pornography through interstate commerce. Caudill contends that the district court erred in applying U.S.S.G. § 2G2.2(c)(1)'s cross reference to § 2G2.1 to obtain his base offense level. He further asserts that the district court erred in enhancing his offense level pursuant to §§ 2G2.1(b)(5) and 2G2.1(b)(2)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a district court's interpretation or application of the Guidelines de novo, and its factual findings for clear error. *United States v. Lopez-Urbina*, 434 F.3d 750, 762-63 (5th Cir. 2005). The applicable cross reference at issue in this case is triggered if the "offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." *See* § 2G.2.2(c)(1). The cross reference is to be construed broadly, *see* § 2G2.2, comment. (n.5), and the term "offense," as used in the cross reference includes both charged and uncharged conduct. *See* U.S.S.G. §1B1.1, comment. (n.1(H)) (defining "offense" to include "the offense of conviction and all relevant conduct under § 1B1.3").

The district court properly considered the taking of nude photographs of an underage victim as relevant conduct pursuant to § 1B1.3(a)(2) because Caudill's action was part of the same course of conduct as the offense of conviction. *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009); *United States v. Canada*, 110 F.3d 260, 264; § 1B1.3(a)(2); § 1B1.3, comment. (n.9(A), (B)). Furthermore, while taking the illicit photographs, Caudill touched the victim's vagina, causing harm. *See* § 1B1.3(a)(3). Accordingly, the district court did not clearly err in applying the cross reference. *See Lopez-Urbina*, 434 F.3d at 763.

Likewise, because Caudill's actions were properly considered relevant conduct and the offense involved sexual contact, the district court did not err in applying a two-level sentencing enhancement pursuant to §2G2.1(b)(2)(A). *See Lopez-Urbina*, 434 F.3d at 763. Moreover, Caudill admitted on several occasions that he actually babysat the victim. Therefore, his objection to the district court's application of a two-level sentencing enhancement pursuant to § 2G2.1(b)(5) because the minor was in his care or custody is without merit. *See* § 2G2.1(b)(5), comment. (n.3(A)). Accordingly, the judgment of the district court is AFFIRMED.